# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Zvi Kurtzman,<br><br>Plaintiffs,<br><br>v.<br><br>Nationstar Mortgage LLC, HSBC Bank USA, N.A., HSBC Bank USA, N.A. as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MLMI Series 2006-A12006-8, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., Justin Moon, individually, Michelle Bowles, individually, and Eric Todd Ritmueller, individually.<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Zvi Kurtzman ("Plaintiff"), through undersigned counsel, brings this action against Nationstar Mortgage LLC, HSBC Bank USA, N.A., HSBC Bank USA, N.A. as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MLMI Series 2006-A 12006-8, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., Justin Moon, individually, Michelle Bowles, individually, and Eric Todd Ritmueller individually (collectively, "Defendants") and alleges as follows:

## Introduction

1. Defendants are trying to collect an alleged consumer debt from Plaintiffs on behalf of others.

## Jurisdiction and Venue

2. This Court has subject-matter jurisdiction over this action pursuant 28 U.S.C. § 1331 because it presents federal questions under 15 U.S.C. §1692 *et seq.* and 12 C.F.R. § 1024.41.

3. This Court also has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, by reason of diversity of citizenship between the Defendants and the Plaintiff.

4. Venue is proper because the majority of the Defendants are either located, reside, and/or transact business in the Atlanta Division of this district. 28 U.S.C. §§ 90(a)(2), 1391(b)(1); 12 U.S.C. § 5564(f); N.D. Ga. R. 3.1(B)(1).

## Parties

5. Plaintiff is a resident of Georgia and is the owner of property located at 419 Oakmont Place, Atlanta, Georgia, 30032 ("Property") with equitable title, rights of survivorship and the right of redemption to the Property described in Exhibits 1, 2 and 5 referenced below.

6. Defendant Nationstar Mortgage LLC ("Nationstar") is headquartered in Dallas Texas and its address is 8950 Cypress Waters Blvd, Coppell, TX, 75019, USA. Nationstar transacts business as a mortgage servicer in the Atlanta Division of this district and is registered as a foreign limited liability company with the Georgia Secretary of State and who may be served via its registered agent, Corporation Service Company at 40 Technology Parkway South Suite 300, Norcross, GA, 30092.

7. Defendant HSBC Bank, USA, N.A. ("HSBC USA") in its individual capacity as trustee for the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MLMI Series 2006-A12006-8 ("MLMI Trust") is a national bank chartered under the National Bank Act, regulated by the Office of the Comptroller of the Currency (OCC), a part of the U.S.

Department of the Treasury and is named herein in its individual capacity as trustee and not as the RMBS trust.

8. HSBC USA is also joined as regulated by the OCC and in addition to any capacity it claims as trustee.

9. Defendants HSBC USA and MLMI Trust regularly transact business in their respective capacities in the Atlanta Division of this district.

10. Defendants MERSCORP Holdings, Inc. ("MERS 3") f/k/a MERSCORP, Inc. ("MERS 2"), and its wholly-owned subsidiary Defendant Mortgage Electronic Registration Systems, Inc. ("MERS 1"), are foreign corporations registered in Georgia and organized under the laws of the state of Delaware that regularly transact business in their respective capacities in the Atlanta Division of this district.

11. Defendant Justin Moon ("Moon") is an employee of Defendant Nationstar and is be known to be a "robo-signer" who purportedly executed an assignment, alleged to be void on its face, of an alleged "Mortgage" – not the Plaintiffs' Security Deed or Refinance Note – from Defendant MERS 1 to Defendant Trustee without proper authority allegedly acting for one or more Defendants, as an alleged officer of MERS 1 over nine (9) years after the Trustee executed documents closing the trust with the John Does. The alleged void assignment of the alleged "Mortgage" was recorded in Book 55091 pp. 162-163 with the Clerk of the Superior Court of Fulton County, Georgia on June 26, 2015.

12. Defendant Michelle Bowles ("Bowles") is an employee of Defendant Nationstar and is a known to be a "robo-signer" who purportedly executed a void assignment of the alleged "Mortgage" – not the Security Deed or Refinance Note – from Defendant MERS 1 to Defendant Trustee allegedly acting for one or more Defendants, as an alleged officer of MERS 1 over nine

(9) years after the Trustee executed the documents closing the trust with the John Does. The alleged void assignment of the alleged "Mortgage" was recorded in Book 55091 pp. 162-163 with the Clerk of the Superior Court of Fulton County, Georgia on June 26, 2015.

13.  Defendant Eric Todd Ritmueller ("Ritmueller") is an employee of Defendant Nationstar and is a nationally renowned "robo-signer" who purportedly, under the laws of Texas, notarized a void assignment of the alleged "Mortgage" – not the Security Deed or Refinance Note – from Defendant MERS 1 to Defendant Trustee acting for Defendant John Does, as an officer of MERS 1 over nine (9) years after the Trustee executed the documents closing the trust on March 31, 2006 with the John Does. The notarized void assignment of the alleged "Mortgage" was recorded in Book 55091 pp. 162-163 with the Clerk of the Superior Court of Fulton County, Georgia on June 26, 2015.

## Facts

14.  The Plaintiff is the owner of real property in Fulton County, Georgia and more fully described in in Exhibits 1, 2 and 5 referenced below.

15.  On March 23, 2016, Defendants, through Counsel sent Plaintiff a letter via the U.S. Mail ("Sale Notice") attempting to collect a debt by claiming the right to enforce a Security Deed purportedly assigned to Trustee and John Does by Defendants MERS 1 and MERS 3 by its purported officers Moon and Bowles that may have been notarized outside their presence by Defendant Ritmueller alleging a default and scheduling a non-judicial foreclosure sale of the Property for May 3, 2016, pursuant to O.C.G.A. § 44-14-162.2, a copy of which is attached hereto and incorporated herein as **Exhibit 1**.

16.  After receipt of the same Exhibit 1, Plaintiff, through his counsel served the correspondence attached hereto and incorporated herein as **Exhibit 2**.

17. Evidence of receipt of the request for information are attached hereto and incorporated herein as **Exhibits 2.1 through 2.9**.

18. No response was ever received from the putative servicer, Defendant Nationstar Mortgage, LLC.

19. Instead, a response was received from Shapiro Pendergast & Hasty, LLP, dated April 14, 2016, a copy of which is attached hereto and incorporated herein as **Exhibit 3**.

20. Contained in Exhibit 3 was merely an unauthenticated, undated and uncertified copy of mere images of: 1) an alleged note, a copy of which is attached hereto and incorporated herein as **Exhibit 4**, and 2) a security deed, a copy of which is attached hereto and incorporated herein as **Exhibit 5**.

21. An assignment of **Exhibit 5** is attached hereto and incorporated herein as **Exhibit 6**.

22. An unauthenticated, undated and uncertified copy of the image attached as Exhibit 4, is allegedly endorsed in blank allegedly making it a bearer instrument.

23. Under O.C.G.A. § 23-2-114, "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." And "[t]he legal duty imposed upon a foreclosing party under a power of sale is to exercise that power fairly and in good faith."

24. Defendants breached the duty to exercise the power of sale fairly and in good faith in that the Sale Notice failed to provide him with notice of the foreclosure sale in compliance with OCGA § 44-14-162.2 (a).

25. The Sale Notice fails to include in "the name, address, and telephone number of the individual or entity who shall have ***full*** authority to negotiate, amend, and modify ***all*** terms of the mortgage with the debtor," as required by O.C.G.A. § 44-14-162.2 (a) (emphasis added).

26. Nationstar does not own the alleged debt, nor is Nationstar the entity with ". . . ***full*** authority to negotiate, amend, and modify ***all*** terms of the mortgage with the debtor . . . ," as required by OCGA § 44-14-162.2 (a).

27. In fact, representatives of Nationstar personally communicated to the Plaintiffs and their expert, that there was no one there or anywhere that had any authority, let alone the full authority to modify ***any***, let alone ***all*** terms of the Plaintiffs' security deed or full authority to modify all terms of the promissory note.

28. In fact, the representative stated that many RMBS loans could never be modified due to prior contractual agreements.

29. Furthermore, by transferring only images and copies of the Plaintiffs' original note and security deed to the MLMI Trust.

30. On information and belief based upon preliminary research and investigation, the MLMI Trust is a legal fiction used by Defendants Nationstar in concert with others to conceal security fraud and create the illusion that a debt exists by diverting various sources of revenue streams derived from complex derivative transactions associated with both the Plaintiffs' loan, note and security deed as well as other insurance and transaction proceeds.

31. On information and belief based upon preliminary research and investigation, the MLMI Trust is a legal fiction that can show no individual assets of its own; no tax returns; or financial and accounting records accounting for the alleged debt on its own general ledger or accounting recognizing the Plaintiffs note or debt as an asset, that the Plaintiff's debt has been

accelerated, any losses to the MLMI Trust as a direct result of the Plaintiff's loan, and that the Plaintiffs' debt was ever merged into the Plaintiff's original promissory note per O.C.G.A. § 11-3-310(b).

32. On information and belief based upon preliminary research and investigation, MERS 1 had no legal title to assign to Trustee.

33. On information and belief based upon research and investigation, Defendants MERS 1 and MERS 3 did not have a valid corporate resolution appointing either Defendants Moon or Bowles as officers of MERS 1 at the time MERS 1 purportedly assigned its interest, if any, in the Property to Trustee.

34. On information and belief based upon research and investigation, Nationstar has no valid interest in the Plaintiffs' debt and Property.

35. On information and belief based upon research and investigation, Nationstar is attempting to collect on a debt that it does not own.

36. On information and belief based upon research and investigation, Nationstar has only provided "servicing histories" and transactions associated with a "servicing balance" tied to Mortgage Servicing Rights ("MSR") purchased by Nationstar or other servicers that does not reflect the true and actual debt or the acceleration of that debt or dishonor of the Plaintiffs' note.

37. Nationstar is attempting to collect on a debt that neither it nor the Trustee own.

38. The Trustee is attempting to collect on a debt which it does not appear to own.

39. Defendants' actions have caused the Plaintiffs to suffer actual damages, including, but not limited to, out of pocket damages, as well as non-economic damages in the form of aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry, and anxiety.

40. Despite the plain language of O.C.G.A. § 44-14-162.2 (a), Defendants failed to comply with its strict requirements.

41. Defendants' actions are believed to be a pattern and practice of behavior in conscious disregard for the Plaintiffs' rights.

### Count One
### Violation of the Fair Debt Collection Practice Act
### 15 U.S.C. §1692 *et seq.*

42. Paragraphs 1 through 41 are re-alleged and incorporated herein as if fully rewritten herein.

43. Plaintiff is a consumer as that term is defined by the Fair Debt Collections Practices Act (FDCPA) because they are allegedly obligated to pay a debt to Nationstar or the Trustee.

44. The debt is an alleged obligation that arose out of a transaction that was primarily for personal, family, or household use.

45. Nationstar is a debt collector as that term is defined by the FDCPA because each regularly attempts to collect debts not owed to Nationstar and Defendants are attempting to collect from the Plaintiff a debt that is not owed to Nationstar and Nationstar are also debt collectors because the mortgage was assigned to the Trustee after the alleged date of default.

46. Defendants' actions in attempting to collect the debt at issue, to which it has no enforceable right or interest, constitute violations of the FDCPA, including, but not limited to the following sections:

   a. § 1692(d)—Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person; because the filing of a foreclosure action by a party with no rights to either the Note or the Mortgage is abusive, oppressive, and harassing.

b. § 1692(e)—Making any false, deceptive, or misleading representation or means in connection with the debt collection; because Defendants claims of indebtedness and rights to enforce the Security Deed are blatantly false, deceptive, and misleading.

c. § 1692(e)(2)—Misrepresenting the character, amount, or legal status of the alleged debt; in that the filing of a foreclosure action with false documentation by a party with no rights to either the Note or the Mortgage misrepresents the character, amount, and legal status of an alleged debt.

d. § 1692(f)—Engaging in any unfair or unconscionable means to collect or attempt to collect the alleged debt; in that in that the filing of a foreclosure action by a party with no rights to either the Note or the Mortgage is unfair and unconscionable.

e. § 1692(f)(1)—Engaging in an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law, in that a party with no rights to either the Note or the Security Deed who who schedules a non-judicial sale of the property is attempting to collect a debt in an amount not authorized by agreement or permitted by law.

47. By sending the Notice of Sale based on the fabricated assignment recorded in Fulton County, Trustee, Nationstar made false representations to the Plaintiff that a valid transfer of the legal title to the Property from the original "lender" to Trustee and John Does had occurred.

48. The Plaintiff was harmed in the above-stated means when Defendants attempted to collect a debt that neither Nationstar, nor the Trustee own.

49. Defendants are not authorized to collect the debt or foreclose the security deed.

50. The Plaintiff was harmed by and through Defendants' aforementioned violations, the Plaintiff is entitled to statutory damages, actual damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k)(a).

### Count Two
### Declaratory Judgment

51. Paragraphs 1 through 50 are re-alleged and incorporated herein as if fully rewritten herein.

52. The averments of this Count Two of this Complaint constitute a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Federal Rules of Civil Procedure.

53. Plaintiff prays for a declaratory judgment as follows:

(53.1) That Exhibit 1 to the Plaintiff's Complaint does not comply with O.C.G.A. § 44-14-162.2, for the reason that it does not name the entity which shall have **full authority** to negotiate, amend and modify **all** terms of the mortgage with the "debtor" (*You v. JP Morgan Chase N.A.*, 293 G.A. 667, 74(2), 743 S.E. 2d 428 (2013));

(53.2) That the attempt by the Defendant Nationstar to provide only name, address and telephone number of the individual entity having authority to negotiate and modify the terms of the mortgage alone without the words "full" and "all" is not compliance with O.C.G.A. § 44-14-162.2;

(53.3) That in failing to respond to Exhibit 2, to the Plaintiff's Complaint requesting the person who has "full" authority to modify "all" terms Defendant Nationstar has failed to comply with O.C.G.A. § 44-14-162.2 12 CFR 102.36(c) ;

(53.4) That the documents provided by the Defendants in response to the specific written request on behalf of the Plaintiff, by his counsel, the note, mortgage and assignment after the alleged date of default further shows that the Defendants,

upon written inquiry by Plaintiff, attached to the Plaintiff's Complaint as Exhibit 2 have failed to provide the individual or entity who has "full authority" to negotiate, amend and modify all terms of the mortgage with the Plaintiff;

(53.5) That the Defendants who directly received Exhibit 2 to the Plaintiff's Complaint, or received it through a representative such as a law firm, failed to acknowledge receipt of the request for information pursuant to 12 CFR 102.36(c);

(53.6) That Exhibit 3 to the Plaintiff's Complaint is not an adequate response to Exhibit 2 to the request set forth in Exhibit 2 to the Plaintiff's Complaint;

(53.7) That until the Defendants comply with the request, including but not limited to name and address of the person who has full authority to modify all the terms of the mortgage Plaintiff executed, the Defendants should be estopped from foreclosing upon the Plaintiff's mortgage;

(53.8) Or in the alternative, the Court declare the respective rights and liabilities of the parties.

## Count Three
### Further Relief Pursuant to 28 U.S.C. § 2202

54. Paragraphs 1 through 53.7 are re-alleged and incorporated herein as if fully rewritten herein.

55. Declaratory judgment prayed in paragraphs 53.1 through 53.7 above, are incorporated herein by reference as if fully rewritten herein for the purposes of notice pleadings.

56. Plaintiff is entitled to further relief pursuant to 28 U.S.C. § 2202 as follows:

56.1 For the imposition of the stay against any foreclosure proceedings of any of the Defendants or anyone on their behalf and until such time as they fully and completely comply.

56.2 For a temporary restraining order and preliminary injunction during the pendency of these proceedings, and a permanent injunction thereafter restraining and joining the Defendants and their attorneys, agents, successors and assignees and all of those in active concert and participation with them from selling Plaintiff's residence until such time as (1) Plaintiff has been granted the opportunity to conduct discovery herein, and (2) Defendants have fully and completely responded to Plaintiff's request as set forth in Exhibit 2 of the Plaintiff's Complaint, including but not limited to the name and address of the individual with "full authority" to modify all the terms of the mortgage of the Plaintiff's premises, including but not limited to evidence of that authority;

56.3 Or such further relief as the Court may deem necessary, proper and appropriate to carry out this Court's declarations pursuant to Count One above.

### Count Four

57. Paragraphs 1 through 56.2 are re-alleged and incorporated herein as if fully rewritten herein.

58. Plaintiff has no adequate remedy of law.

59. Plaintiff requires further relief to carry out this Court's declarations pursuant to paragraphs 1 through 56.2 above.

WHEREFORE, Plaintiff demands judgment as follows:

A. In regard to Count One, for damages in an undetermined amount which may be estimated for the purposes of this litigation at this time to be in excess of $75,000, and putative and exemplary damages in at least 3 times the amount of the compensatory damages awarded and attorneys' fees with respect to the violation of Fair Debt Collections Practices Act;

B. In regard to Count Two, for declaratory judgment prayed for 53.1 through 53.7 above;

C. In regards to Count Three or Four, for such further relief as may be necessary, proper and appropriate to carry out this Court's declarations pursuant to Count Two above, including but not limited to the following:

(1) For the imposition of the stay against any foreclosure proceedings of any of the Defendants or anyone on their behalf and until such time as they fully and completely comply.

(2) For a temporary restraining order and preliminary injunction during the pendency of these proceedings, and a permanent injunction thereafter restraining and joining the Defendants and their attorneys, agents, successors and assignees and all of those in active participation with them from selling Plaintiff's residence until such time as (1) Plaintiff has been granted the opportunity to conduct discovery herein, and (2) Defendants have fully and completely responded to Plaintiff's request as set forth in Exhibit 2 of the Plaintiff's Complaint, including but not limited to the name and address of the individual with "full authority" to modify all the

   terms of the mortgage of the Plaintiff's premises, including but not limited to evidence of that authority;

D. Interests, costs, including Plaintiffs' attorneys' fees and litigation costs, or any other remedy at law and in equity as the Court may deem necessary, proper and appropriate to carry out this Court's declarations and to afford complete relief from the parties.

Respectfully submitted,

/s/ Latrice Latin
Latrice L. Latin Esq.
Latin & Dann
1401 Peachtree Street
Suite 500
Atlanta, Georgia 30309
Telephone: (678) 890-2405
Facsimile: (678) 893-2405
Email: latrice@dannlaw.com


BRUNNER QUINN


_Pro Hac Vice forthcoming_
Rick L. Brunner (0012998)
Email: rlb@brunnerlaw.com
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 241-5550
Facsimile: (614) 241-5551
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF GEORGIA       )
                       )  ss:
COUNTY OF FULTON       )

Zvi Kurtzman, being first duly cautioned and sworn, deposes and states that he is a Plaintiff in this action, and that he is familiar with and has personal knowledge of the facts referred to in this Complaint, that he read the Complaint, and that said facts and allegations are true to the best of his knowledge, information, observation, and belief.

_____
Zvi Kurtzman

SWORN TO BEFORE ME and subscribed in my presence this 26 day of April, 2016.



_____
NOTARY PUBLIC