| | | |
|---|---|---|
| Zvi Kurtzman, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:16-CV-01371-RWS-CMS |
| Nationstar Mortgage LLC, HSBC Bank USA, | ) | |
| N.A., HSBC Bank USA, N.A. as Trustee for | ) | |
| Merrill Lynch Mortgage Investors, Inc., | ) | |
| Mortgage Pass-Through Certificates, MLMI | ) | |
| Series 2006-A12006-8, MERSCORP Holdings, | ) | |
| Inc., Mortgage Electronic Registration | ) | |
| Systems, Inc., Justin Moon, individually, | ) | |
| Michelle Bowles, individually, and Eric Todd | ) | |
| Ritmueller, individually. | ) | |
| | ) | |
| Defendants | ) | |

## **NOTICE OF APPEAL**

Notice is hereby given that Zvi Kurtzman, plaintiff in the above named case, pursuant to Rule 4, Fed. R. App. P., hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the order and final judgment of the United States District Court for the Northern District of Georgia entered in this action on September 26, 2016 [Doc. 33 and 34], attached hereto as Exhibits "**A**" and "**B**," adopting the Report and Recommendation [Doc. No. 30] of Magistrate Judge Catherine M. Salinas, attached hereto as Exhibit "**C**," as the approved and adopted opinion and order of this Court dismissing the action without leave to amend.

Date:  October 26, 2016

Respectfully submitted
BRUNNER QUINN

/s/ Rick L. Brunner
Rick L. Brunner                    (0012998)

Email:        rlb@brunnerlaw.com
Patrick M Quinn
Email:        pmq@brunnerlaw.com
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
Telephone:  (614) 241-5550
Facsimile:  (614) 241-5551
*Attorneys for Plaintiff pro hac vice*


Latrice L. Latin Esq.
Latin & Dann
1401 Peachtree Street
Suite 500
Atlanta, Georgia 30309
Telephone:     (678) 890-2405
Facsimile:     (678) 893-2405
Email:         latrice@dannlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF filing system by filing of the same this 26th day of October, 2016 upon the following:

Christopher S. Anulewicz (020914)
Geremy Gregory (885342)
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd., Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656
Email: canulewicz@balch.com
Email: ggregory@balch.com

/s/ Rick L. Brunner
Rick L. Brunner          (0012998)
BRUNNER QUINN
Rick L. Brunner          (0012998)
Email:      rlb@brunnerlaw.com
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
Telephone:   (614) 241-5550
Facsimile:   (614) 241-5551
*Attorney for Plaintiff pro hac vice*

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ZVI KURTZMAN,                    :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :       CIVIL ACTION NO.
                                 :       1:16-CV-1371-RWS
NATIONSTAR MORTGAGE              :
LLC, et al.,                     :
                                 :
    Defendants.                  :

## <u>ORDER</u>

This matter is before the Court on the Report and Recommendation of Magistrate Judge Catherine M. Salinas [Doc. No. 30].   Having carefully considered the record, the Report and Recommendation, and the objections filed thereto [Doc. No. 32], the Report and Recommendation [Doc. No. 30] is hereby approved and adopted as the opinion and order of this Court.   As such, Defendants' Motion to Dismiss [Doc. No. 20] is GRANTED.   The Clerk is DIRECTED to close this action.

**SO ORDERED**, this *26* th day of September, 2016.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/8
2)

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ZVI KURTZMAN,

                Plaintiff,

vs.

NATIONSTAR MORTGAGE
LLC, *et al.*,

                Defendants.

CIVIL ACTION FILE

NO. 1 :16-CV-1371-RWS

**J U D G M E N T**

    This action having come before the court, Richard W. Story, United States District Judge, for consideration of the magistrate's report and recommendation, and the court having adopted the same, it is

    **Ordered and Adjudged** that the action on plaintiff's claim is **DISMISSED**.

    Dated at Atlanta, Georgia this 26th day of September, 2016.

                        JAMES N. HATTEN
                        CLERK OF COURT

                By:  s/Barbara D. Boyle
                      Deputy Clerk

Prepared, filed, and entered
in the Clerk's Office
    September 26, 2016
James N. Hatten
District Court Executive and
Clerk of Court

By: s/B.D. Boyle
        Deputy Clerk

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ZVI KURTZMAN,

        Plaintiff,

    v.

NATIONSTAR MORTGAGE LLC;
HSBC BANK USA, N.A.; HSBC
BANK USA, N.A. as Trustee for
Merrill Lynch Mortgage Investors,
Inc., Mortgage Pass-Through
Certificates, MLMI Series 2006-
A12006-8; MERSCORP HOLDINGS,
INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
JUSTIN MOON, individually;
MICHELLE BOWLES, individually;
and ERIC TODD RITMUELLER,
individually,

        Defendants.

CIVIL ACTION FILE NO.
1:16-CV-01371-RWS-CMS

## **FINAL REPORT AND RECOMMENDATION**

This foreclosure-related matter is presently before the Court on the Rule 12(b)(6)

motion to dismiss Plaintiff's complaint filed by the Defendants. (Doc. 20). The

plaintiff, Zvi Kurtzman ("Plaintiff"), through his counsel, has filed a response in

opposition to Defendants' motion (Doc. 26), and Defendants have filed a reply

(Doc. 28).  Defendants' motion has been fully briefed and is before the Court for its consideration.  For the reasons discussed below, the undersigned **RECOMMENDS** that Defendants' Rule 12(b)(6) motion to dismiss (Doc. 20) be **GRANTED** in its entirety.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

All of Plaintiff's claims in this action arise out of a residential mortgage loan (the "Loan") that Plaintiff obtained on or about December 7, 2005 from Countrywide Home Loans, Inc. ("Lender" or "Countrywide") to purchase or refinance real property located at 419 Oakmont Place, N.W., Atlanta, Fulton County, Georgia, 30327 (the "Property"). (Doc. 1-14 at 2-3).[1]  As part of the Loan transaction, Plaintiff executed an interest-only, adjustable rate promissory note (the "Note") in favor of the Lender in the amount of $1,720,000.00.  (Doc. 1-13 at 1-2).  A security deed securing the Loan was granted by

---

[1] The Court has taken the parties' exhibits into consideration in reviewing the merits of Defendants' motion to dismiss (without converting the motion to a motion for summary judgment) because in Plaintiff's complaint, Plaintiff refers to the transactions or exchanges of information memorialized in the exhibits, the documents are central to Plaintiff's claims, and the authenticity of the documents has not been challenged.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").  A district court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion.  Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

Plaintiff to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the Lender. (Doc. 1-14, "Security Deed"). The Security Deed conveyed to MERS, the grantee, "as nominee for Lender and Lender's successors and assigns ... and to the successors and assigns of MERS," the power of sale to secure repayment of the Note in the event that Plaintiff defaulted on his Loan obligations. (Id. at 2). The Security Deed was duly recorded in the property records of the Superior Court of Fulton County, Georgia on January 3, 2006, in Deed Book 41667, Page 65. (Id. at 1).

On June 11, 2015, MERS, "as nominee for Countrywide Home Loans, Inc., its successors and/or assigns," assigned the Security Deed and all rights thereunder to HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MLMI Series 2006-A1. (Doc. 1-15 at 1, "Assignment"). The Assignment was duly recorded in the property records of the Superior Court of Fulton County, Georgia on June 26, 2015, in Deed Book 55091, Page 162. (Id.).

After Plaintiff apparently defaulted on his loan obligations, the law firm Shapiro, Pendergast & Hasty, LLP (a non-party to this lawsuit), on behalf of Nationstar Mortgage LLC (identified in the letter and in Plaintiff's complaint as servicer for Plaintiff's mortgage loan), sent Plaintiff written notification, dated March 23, 2016, that the law

3

firm had been retained by Nationstar to conduct a non-judicial foreclosure of the Property, and the sale was scheduled to take place on May 3, 2016. (Doc. 1-1, "Notice of Foreclosure Sale").  Pursuant to Georgia's foreclosure statute, O.C.G.A. § 44-14-162.2, the Notice of Foreclosure Sale enclosed a copy of the Notice of Sale Under Power submitted for publication in the local legal newspaper.  The Notice of Foreclosure Sale notified Plaintiff that "the name, address, and telephone number of the individual or entity having authority to negotiate, amend and modify the terms of the mortgage loan with the debtor" was "Nationstar Mortgage LLC, 8950 Cypress Waters Blvd, Coppell, Texas 75019, 1-888-480-2432)." (Doc. 1-1 at 1).

On April 4, 2016, Plaintiff's counsel mailed Nationstar, the law firm Shapiro, Pendergast & Hasty, and numerous individual employees of those entities a 24-page letter.  (Doc. 1-2).  The letter set forth, *inter alia*, a number of objections to the referenced Notice of Foreclosure Sale and Notice of Sale Under Power, including that the notices did not precisely track the language set forth in O.C.G.A. § 44-14-162.2. The letter asserted that the notices were deficient and in violation of Georgia's foreclosure statute because the notices omitted the words "full" and "all" from the language in the statute, which provides that the notice of initiation of proceedings to exercise a power of sale in a mortgage or security deed "shall be in writing, [and] shall include the name,

4

address, and telephone number of the individual or entity who shall have ***full*** authority to negotiate, amend, and modify ***all*** terms of the mortgage with the debtor...." O.C.G.A. § 44-14-162.2(a) (emphasis and italics added). (Doc. 1-2 at 3-5). The letter demanded that no foreclosure sale take place due to the purported violation of the foreclosure statute. The letter also contended that due to the alleged securitization of Plaintiff's loan, and the (unspecified) terms of the governing PSA and related agreements, no person or entity had any authority, let alone full authority, to negotiate, amend, and modify all terms of Plaintiff's mortgage. (Id. at 4). The letter also contained numerous additional demands, accusations, concerns, theories, and unsupported legal conclusions that are not relevant here.

On April 14, 2016, attorney Philip L. Hasty, with Shapiro, Pendergast & Hasty, sent a letter to Plaintiff's counsel in response to the April 4th letter. (Doc. 1-12). The response enclosed copies of the subject promissory Note, Security Deed, and Assignment pertaining to the Property. Hasty's letter also attempted to respond to the main arguments raised by Plaintiff's counsel in the April 4, 2016 letter.

On April 27, 2016, Plaintiff filed this action, requesting, among other things, that this Court impose a stay against any foreclosure proceedings, and issue a temporary

restraining order and preliminary injunction enjoining Defendants from proceeding with the scheduled nonjudicial foreclosure sale. (Doc. 1, Compl., 11-12).

On May 9, 2016, the district judge assigned to this case issued an order finding that Plaintiff had failed to allege sufficient facts to demonstrate a substantial likelihood of success on any of his claims. (Doc. 9). Accordingly, the Court denied Plaintiff's request for preliminary injunctive relief, and referred the case to the undersigned U.S. magistrate judge for all further pretrial matters. (Id.).

It is not clear from the docket or the parties' submissions whether the foreclosure sale scheduled for May 2016 took place or was postponed.

On May 23, 2016, Defendants filed the instant Rule 12(b)(6) motion to dismiss Plaintiff's complaint. (Doc. 20). The motion has been fully briefed and is before this Court for consideration.

## II. LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Id.</u> at 678, 129 S. Ct. at 1949 (internal quotes and citations omitted).

The <u>Iqbal</u> Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted). All reasonable inferences are to be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

## III. DISCUSSION

Applying these standards, the undersigned concludes that Defendants' motion to dismiss should be granted. To the extent that Plaintiff's factual allegations can be discerned, they are insufficient to support any of the claims that Plaintiff has asserted against the Defendants with regard to the loan transaction and property at issue in this case.

Plaintiff's complaint asserts four causes of action: Count One, Violation of the Fair Debt Collection Practices Act ("FDCPA"); Count Two, Declaratory Judgment; Count Three, Further Relief Pursuant to 28 U.S.C. § 2202; and Count Four, a general request for injunctive relief. Each count incorporates by reference all preceding allegations and paragraphs, including the introduction, the jurisdiction and venue sections, the paragraphs identifying the parties, and the underlying facts that Plaintiff

contends support his claims for relief. The shotgun nature of Plaintiff's complaint makes it difficult to discern what Plaintiff is actually claiming and against which defendant or defendants.[2]  To the extent that Plaintiff's claims can be ascertained, he appears to be requesting equitable relief and damages pursuant to the FDCPA based on an alleged void assignment of his Security Deed and what he contends was a deficient Notice of Foreclosure Sale.  Because Plaintiff's counts for relief rely in whole or at least significant part on the underlying allegations that he has incorporated by reference, I will address his underlying allegations first, and then address the actual claims that he is asserting.

## A.    Alleged Void Assignment

Plaintiff, in effect, appears to be alleging that both Nationstar and HSBC Bank USA, N.A. as Trustee ("Trustee") lack standing to foreclose because the Assignment is

---

[2] For example, Plaintiff's complaint alleges that "Defendants" sent Plaintiff the March 23, 2016 Notice of Foreclosure Sale.  (Compl. ¶ 15).  However, there are no factual allegations anywhere in the complaint to support a claim that defendants MERSCORP Holdings, Inc., MERS, Inc., Justin Moon, Michelle Bowles, or Eric Todd Ritmueller played any role whatsoever in drafting, authorizing or sending that notice. Similarly, Paragraph 24 of the complaint alleges that "Defendants" breached the duty to exercise the power of sale fairly and in good faith, but again there is no factual support in the complaint that  defendants MERSCORP Holdings, Inc., MERS, Inc., Justin Moon, Michelle Bowles, or Eric Todd Ritmueller were in any way involved in the foreclosure process or owed Plaintiff any duty to exercise the power of sale fairly and in good faith.

void and invalid. (Compl. ¶¶ 11-13). Plaintiff alleges that the Assignment is void because the individuals who executed the Assignment on behalf of MERS lacked authority to do so. Plaintiff argues that the Assignment was signed by defendants Justin Moon and Michelle Bowles, who Plaintiff alleges were posing as assistant secretary and vice president of MERS, respectively, when they were actually employed by Nationstar and were "known" to be "robo-signers." (Id. ¶¶ 11-12). The complaint alleges that the individual who notarized the Assignment, Eric Todd Ritmueller, was also a Nationstar employee and a "nationally renowned 'robo-signer.'" (Id. ¶ 13). Plaintiff further alleges that the Assignment is void because it was executed over nine years after the Trustee executed the documents closing the trust in 2006. (Id.). In addition, Plaintiff argues that the Assignment is void because on its face, it purports to be assigning the "Mortgage," not Plaintiff's Security Deed or Refinance Note. (Id. ¶¶ 11-13). According to Plaintiff, the Assignment, therefore, is void ab initio and failed to effectively assign and/or transfer the right, title and interest in the subject Security Deed to the Trustee.

Plaintiff, however, has failed to allege or show that as a non-party to the Assignment, he has standing to challenge the validity of the Assignment. Courts in this circuit and elsewhere have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a

power of sale. <u>See, e.g.</u>, <u>Haynes v. McCalla Raymer, LLC</u>, 1793 F.3d 1246, 1251-52 (11th Cir. 2015) (concluding that the plaintiff did not have standing to contest the validity of the assignment of the security deed because he was not a party to the assignment) (citing <u>Haldi v. Piedmont Nephrology Assocs., P.C.</u>, 283 Ga. App. 321, 641 S.E.2d 298, 300 (2007) (holding that the plaintiff did not have standing to challenge the contract because he was neither a party to the contract nor an intended beneficiary of it); <u>Breus v. McGriff</u>, 202 Ga. App. 216, 413 S.E.2d 538, 539 (1991) ("Appellants are strangers to the assignment contract between appellee and [his privy] and thus have no standing to challenge its validity.")); <u>Edward v. BAC Home Loans Servicing, L.P.</u>, 534 F. App'x 888, 891 (11th Cir. 2013) (same); <u>Funderburk v. Fannie Mae</u>, No. 1:13-cv-01362-JEC, 2014 WL 1292650, at *3 (N.D. Ga. Mar. 28, 2014) ("Plaintiff is not an intended beneficiary of the assignment from MERS to BAC, nor does she claim to be. Accordingly, plaintiff lacks standing to challenge that assignment contract."); <u>Montoya v. Branch Banking & Trust Co.</u>, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *4 n.3 (N.D. Ga. Mar. 9, 2012) (holding that plaintiff did not have standing to challenge assignment as defective due to forgery); <u>Montgomery v. Bank of Am.</u>, 321 Ga. App. 343, 346, 740 S.E.2d 434 (2013) (holding that homeowner-mortgagor had no basis to contest the validity of the assignment of the security deed from MERS to BAC, even if

11

there were flaws in the execution and/or signature(s)). See also Bridge v. Aames Capital Corp., No. 1:09-CV-2947, 2010 WL 3834059, at *3 (N.D. Ohio Sept. 29, 2010) ("Given that Plaintiff was not a party to the assignment of the Mortgage between Aames and Deutsche Bank, neither of which dispute the validity of the assignment, and has not and will not suffer any new injury nor face any obligation different from what was owed when Aames held the note, Plaintiff does not have standing to assert her claim."); Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C., 717 F. Supp. 2d 724, 743 (E.D. Mich. 2010) ("Plaintiff cannot avoid its contractual obligations under the Loan Documents (including the *contractual* right [to] foreclose by advertisement contained within the Mortgage) by arguing that the assignments of those documents were invalid or ineffective."); Liu v. T&H Mach., Inc., 191 F.3d 790, 797 (7th Cir. 1999) (party to underlying contract lacks standing to "attack any problems with the reassignment" of that contract); Richard A. Lord, 29 Williston on Contracts § 74:50 (4th ed.) ("As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so.").

As these courts have noted, the validity of an assignment does not affect whether the plaintiff owes his obligations, but only to whom the plaintiff is obligated. See Kapila v. Atlantic Mortgage & Inv. Corp. (In re Halabi), 184 F.3d 1335, 1338 (11th Cir. 1999)

(holding that "a subsequent assignment of the mortgagee's interest ... does not change the nature of the interest of the mortgagor or someone claiming under him."); Livonia Prop. Holdings, L.L.C., 717 F. Supp. 2d at 735; see also Noland v. Wells Fargo Bank N.A. (In re Williams), 395 B.R. 33, 44 (Bankr. S.D. Ohio 2008) (defects in assignments of a mortgage may affect subsequent bona fide purchasers of the mortgage, but not the original mortgagor).

Even if Plaintiff did have standing to challenge the Assignment (which he does not), Plaintiff's argument that the Assignment is not valid because it was signed by known robo-signers has no basis in Georgia law and has been repeatedly rejected by Georgia courts. See Bragg v. Bank of America, N.A., No. 1:14-cv-564-WSD, 2014 WL 2154190, at *3 n.5 (N.D. Ga. May 21, 2014) (citing Wilson v. JPMorgan Chase Bank, N.A., No. 2:11-cv-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (no cause of action for "robo-signing" in Georgia)); see also McLean v. HomeBanc Mortg. Corp., No. 1:13-cv-01051-JEC, 2014 WL 1232146, at *4 (N.D. Ga. Mar. 25, 2014) ("Further, plaintiff's argument that robo-signing rendered HomeBanc's assignment of her loan invalid fails because such a theory is not cognizable in Georgia."); DeWeese v. JPMorgan Chase Bank, N.A., No. 2:13-cv-00059-RWS, 2013 WL 6178546, at *5 (N.D.

Ga. Nov. 25, 2013) ("Finally, Plaintiff's allegations of 'robo signing" are unavailing because 'there is no such cause of action in Georgia.'").

Plaintiff's argument that the Assignment is also void on its face because it only assigns a mortgage, not Plaintiff's Security Deed, is similarly without legal basis or merit. Under Georgia law, a mortgage is created when a party uses property to secure a debt to another. In re Municipal Corrs., LLC, 501 B.R. 119, 130 (Bankr. N.D. Ga. 2013). A mortgage creates an enforceable equitable lien. Id. In a typical financing transaction in Georgia involving real estate as collateral, like here, the borrower executes a deed to secure debt with a power of sale that transfers legal title to the real estate to the lender. The use of a deed to secure debt in a financing transaction is almost universal in Georgia. Id. at 129-30. In Plaintiff's case, the Assignment is clearly entitled, "Corporate Assignment of Security Deed." (Doc. 1-15 at 1). The text sets forth the address of the Property, the date of the assignment, the name of the entity to whom the subject Security Deed is being assigned, the dates the subject Security Deed was originally signed and recorded, and the deed book and page number where Plaintiff's Security Deed was duly recorded.

It is also typical in Georgia for an assignment to assign or convey not only the assignor's interest in the security deed, but also all interest in the underlying

14

indebtedness secured thereby.  That is all the Assignment at issue in this lawsuit purports to do.  (See id. ["said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $1,720,000.00 with interest, secured [by the security deed described therein], ... to have and to hold the said Mortgage and the said property forever, subject to the terms contained in said Mortgage."]).

For the reasons stated, Plaintiff has failed to allege or show that he has standing to challenge the validity of the Assignment.  Plaintiff's wrongful foreclosure allegations based on the purported invalidity of the Assignment are without legal or factual merit and are therefore due to be dismissed.

B.    **Alleged Deficient Notice of Foreclosure Sale**

Plaintiff next alleges that "Defendants" breached their "duty to exercise the power of sale fairly and in good faith" because the Notice of Foreclosure Sale sent to Plaintiff by Nationstar's foreclosure law firm did not strictly comply with O.C.G.A. § 44-14-162.2.  (Compl. ¶¶ 23-26, 40).

In Georgia, a plaintiff asserting a claim of wrongful foreclosure must allege and establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages.  Heritage Creek Dev. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004).  "[A]

15

violation of [Georgia's foreclosure] statute is necessary to constitute a wrongful foreclosure." <u>McCarter v. Bankers Trust Co.</u>, 247 Ga. App. 129, 132, 543 S.E.2d 755 (2000) (citing O.C.G.A. §§ 23-2-114, 44-14-160, *et seq.*) (other citations omitted)). Georgia courts have found that a creditor breaches the duty to exercise fairly the power of sale created by O.C.G.A. § 23-2-114 when a creditor fails to provide proper notice of the foreclosure sale in accordance with O.C.G.A. § 44-14-162, *et seq*. <u>See</u> <u>Roylston v. Bank of Am., N.A.</u>, 290 Ga. App. 556, 559, 660 S.E.2d 412, 417 (2008); <u>Calhoun First Nat'l Bank v. Dickens</u>, 264 Ga. 285, 286, 443 S.E.2d 837, 839 (1994); <u>see also</u> <u>Campbell v. Bank of Am., N.A.</u>, No. 1:10-CV-3657-JEC, 2012 WL 879222, at *2 (N.D. Ga. Mar. 12, 2012).

Under Georgia law, a debtor successfully challenging a wrongful foreclosure based on improper notice may either seek to set aside the foreclosure as invalid or sue for damages in tort. <u>Calhoun First Nat'l Bank</u>, 264 Ga. at 286, 443 S.E.2d at 838. In this case, as noted earlier, Plaintiff's complaint does not allege or show that a foreclosure sale has actually taken place. Nor is there any clear explanation in any of the other submissions by the parties as to whether the foreclosure sale scheduled for May 2016 occurred, if it was postponed, or whether a subsequent foreclosure sale has been

initiated and/or completed.[3]  Where defendants do not proceed with a foreclosure after a plaintiff files an action, that plaintiff cannot prove a claim for wrongful foreclosure. See Smith-Tyler v. Bank of America, N.A., 992 F. Supp. 2d 1277, 1281 (N.D. Ga. 2014) (citing Roper v. Parcel of Land, 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure."); Aetna Fin. Co. v. Culpepper, 171 Ga. App. 315, 319, 320 S.E.2d 228 (1984) ("[S]ince Mrs. Culpepper filed bankruptcy proceedings, thereby preventing any sale of the property, she suffered no legal injury and proved no actual damages.")).

Even assuming, for the sake of argument, that the subject Property at issue in this lawsuit was sold through foreclosure proceedings, Plaintiff has failed to show that the Notice of Foreclosure Sale that he received from Shapiro, Pendergast & Hasty did not satisfy Georgia's statutory requirements.

Georgia's non-judicial foreclosure statute, O.C.G.A. § 44-14-162.2, provides, in pertinent part, that the notice of the initiation of proceedings to exercise a power of sale in a mortgage or security deed "shall be in writing, [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to

---

[3]  Defendants' reply brief does state that no foreclosure sale has occurred. (Doc. 28 at 7). However, that brief was filed in June 2016, and it is now August 2016.

negotiate, amend, and modify all terms of the mortgage with the debtor ...."  O.C.G.A.

§ 44-14-162.2(a).

Plaintiff's complaint alleges, *inter alia*, that "Defendants'" pre-foreclosure notice

failed to strictly comply with O.C.G.A. § 44-14-162.2 because it did not include the

name, address, and telephone number of the individual or entity "who shall have ***full***

authority to negotiate, amend, and modify ***all*** terms of the mortgage with the debtor."

(Compl. ¶ 25).  According to Plaintiff, Nationstar was not the entity with full authority

to negotiate, amend and modify all terms of the Plaintiff's mortgage, nor could it be, due

to (unspecified and unattached) prior contractual agreements. (Id. ¶ 28). Plaintiff further

alleges that Nationstar lacked full authority to negotiate, amend, and modify all terms

of the subject mortgage because the Trust is a legal fiction, MERS had no legal title to

assign to the Trustee, and Nationstar is attempting to collect on a debt that it does not

own. (Id. ¶¶ 26-31). Rather, Plaintiff alleges "on information and belief" that due to the

alleged securitization of Plaintiff's loan, the purported owner of Plaintiff's loan, the

MLMI Trust, is "a legal fiction used by Defendants [sic] Nationstar in concert with

others to conceal security fraud and create the illusion that a debt exists by diverting

various sources of revenue streams derived from complex derivative transactions

associated with both the Plaintiffs' loan, note and security deed as well as other

18

insurance and transaction proceeds."[4] (Id. ¶ 30). Plaintiff generally bases his allegations on unspecified, unidentified, and unattached "Pooling and Servicing Agreements" (which may or may not apply to the circumstances in Plaintiff's case) that allegedly limit a servicer's authority to modify a mortgage such as the Plaintiff's. ( Doc. 1-2 at 4 § 2). Other than these general contentions, Plaintiff's complaint contains no specific facts pertaining to Plaintiff's Loan or Security Deed on the subject Property or Nationstar's actual authority to modify Plaintiff's mortgage. Plaintiff's conclusory allegations are

---

[4] To the extent that Plaintiff's wrongful foreclosure claim is based on the "securitization" of Plaintiff's loan, the claimed "splitting" of ownership of the loan from the Security Deed, and perceived defects in the assignment process, including noncompliance with the terms of the PSA for the Trust—even assuming the facts underlying these theories are true—variations of these arguments have been repeatedly rejected under Georgia law and by this court. See, e.g., McDonald-Forte v. Merrill Lynch Mortgage Investors Trust, No. 1:14-cv-1660-WSD, 2015 WL 4928715, at *4 (N.D. Ga. Aug. 18, 2015) (citing Searcy v. EMC Mortg. Corp., No. 1:10-cv-0965, 2010 Dist. LEXIS 119975, at *2 (N .D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."); You v. JP Morgan Chase Bank, 293 Ga. 67, 743 S.E.2d 428, 431-33 (Ga. 2013) ("splitting" ownership of a note from ownership of a deed not expressly prohibited under Georgia law); Fabre v. Bank of Am., N.A., 523 F. App'x 661, 665 (11th Cir. 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure."); Edward v. BAC Home Loans Serv., F.P., 534 F. App'x 888, 891 (11th Cir. 2013) ("Plaintiffs are not a party to the PSA or to the challenged transfer, and, therefore, do not have standing to contest the validity of the transfer under the Georgia Code.") (citing Montgomery v. Bank of America, 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013), O.C.G.A. § 9-2-20(a)).

speculative, unsupported legal conclusions devoid of factual enhancement, and thus are not properly accepted as true for purposes of this motion to dismiss.

Even if the court were to assume the truth of the allegations, the overwhelming majority of courts in this circuit that have considered this argument or similar arguments post-<u>You</u>, under the same or similar factual circumstances as this case presents, including the Eleventh Circuit, have squarely rejected that argument and claim. <u>See, e.g.</u>, <u>Harris v. Chase Home Finance, LLC</u>, 524 F. App'x 590, 593 (11th Cir. 2013) (unpublished) (rejecting plaintiffs' argument and claim that Chase wrongfully foreclosed on the subject property because the notice of foreclosure said that Chase had "full authority" to negotiate, amend, and modify the terms of their loan, when in fact Freddie Mac, as holder of the promissory note, was the entity with such authority, and concluding that the notice satisfied the statute on its face because it was in writing, it identified Chase as the entity with full authority, and provided Chase's address and telephone number, in accordance with the statute); <u>Mei Kuan Chen v. Wells Fargo Bank, N.A.</u>, No. 1:13-cv-3037-TWT, 2014 WL 806916, at *2 (N.D. Ga. Feb. 27, 2014) (granting defendant's motion to dismiss where the plaintiff alleged that Wells Fargo lacked full authority to negotiate, amend, and modify all terms of her mortgage, but was identified in the notice of foreclosure as being the entity with such authority); <u>Puissant</u>

v. Bank of America Home Loan Servicing, LLP, No. 5:12-cv-388 (MTT), 2013 WL 6383102, at *5 (M.D. Ga. Dec. 5, 2013) (finding BANA's notice of foreclosure sufficient for purposes of O.C.G.A. § 44-14-162.2 despite plaintiff's allegation that BANA did not have "full authority" regarding modification of the plaintiffs' loan because it would have to get approval from Fannie Mae, the entity purportedly with the full authority to modify the loan terms for certain types of modifications); Williford v. CitiMortgage, Inc., No. 1:13-cv-02916-TCB (N.D. Ga. Oct. 22, 2013) (Doc. 7 at 8-9, Order dismissing claims with prejudice) (noting that plaintiff's argument about lacking full authority "is clever on first blush," but ultimately fails because it ignores the You decision that a foreclosure notice is proper if it identifies a "servicing agent" of the deed or note holder. The district court noted that agents necessarily do not have full authority to negotiate and must abide by the strictures set by their principals. "But the [Georgia Supreme] Court held that identifying an agent satisfies the statutory requirement of identifying the entity with full authority"); Ball v. JPMorgan Chase Bank, N.A., No. 1:12-cv-132 (WLS), 2013 WL 5592496, at *3 (M.D. Ga. Oct. 10, 2013) (rejecting same argument, based on You and Harris, and granting defendant's motion for judgment on the pleadings); see also Baker v. CitiMortgage, Inc., No. 1:13-cv-0477-WSD, 2013 WL 4217433, at *3 (N.D. Ga. Aug. 14, 2013) (concluding that the plaintiff failed to state a

claim for wrongful foreclosure based on perceived defects in the notice of foreclosure sale).

To the extent Plaintiff is contending that the Notice of Foreclosure Sale is fatally deficient because it omitted the words "full" and "any" from the statutory language, there is no statutory requirement that the notice strictly parrot each and every word of the statute. See Watts v. Bank of New York Mellon, N.A., No. 1:13-CV-2701-TWT, 2014 WL 695222, at *4 & n.4 (N.D. Ga. Feb. 21, 2014) (rejecting plaintiff's argument, based on the Eleventh Circuit's holding in Harris, and noting that plaintiff "assumes – incorrectly– that the Notice must not only identify the entity with the requisite authority, but that it must expressly *state* that the entity has the requisite authority by parroting the words of O.C.G.A. § 44-14-162.2(a)") (italics in original). See also TKW Partners, LLC v. Archer Capital Fund, L.P., 302 Ga. App. 443, 446, 691 S.E.2d 300 (2010) ("O.C.G.A. § 44-14-162.2 does not require the individual or entity be expressly identified as having 'full authority to negotiate, amend, and modify all terms of the mortgage,' and we cannot conclude that Archer's notice was legally deficient for failure to do so."). In Georgia, substantial compliance with O.C.G.A. § 44-14-162.2 is sufficient. Id.

In this case, the undersigned concludes that the notice in question satisfied the statute on its face because the notice was in writing, it identified Nationstar as the entity

22

with the authority to negotiate, amend and modify the terms of Plaintiff's loan, and the notice provided Nationstar's address and telephone number, in accordance with the statute. (Doc. 1-1 at 1). See Harris, 524 F. App'x at 593. Naked assertions to the contrary are insufficient to survive a motion to dismiss. Based on the cited authority and for the reasons stated, Plaintiff has failed to state a plausible claim for wrongful foreclosure based on "Defendants'" alleged breach of their notice requirements.

Even assuming that Plaintiff has sufficiently alleged both a duty and a breach (which he has not), Plaintiff's wrongful foreclosure claim still fails because he has not sufficiently alleged causation. "[E]ven where a borrower has established duty and breach of duty, [the borrower] still needs to show a causal connection between the defective notice and the alleged injury." Heritage Creek Dev. Corp., 268 Ga. App. at 372, 601 S.E.2d at 845 ("the undisputed evidence shows that Heritage Creek's alleged injury was solely attributable to its own acts or omissions both before and after the foreclosure. Not only did Heritage Creek default on the loan payments on multiple occasions, it failed to cure the default pursuant to the terms of the loan agreement; it received the foreclosure notice, but did not bid on the property at the foreclosure sale"); Calhoun v. First Nat'l Bank v. Dickens, 264 Ga. 285, 286, 443 S.E.2d 837 (1994) ("The bank's failure to provide proper notice constituted a breach of [a] duty ... [h]aving

established duty and breach, however ... [the plaintiff] still needed to show a causal connection between the lack of notice and the alleged injury."). "To plead causation, Plaintiff must allege that his injury was caused by the acts and omissions of Defendant." Freeman v. Wells Fargo Bank, N.A., No. 1:12-CV-2854-RWS, 2013 WL 2637121, at *3 (N.D. Ga. June 11, 2013) (citations omitted).

Even if the foreclosure notice was deficient, Plaintiff has not alleged or shown that the improper notice caused his alleged damages. Plaintiff alleges that "Defendants' actions have caused the Plaintiffs [sic] to suffer actual damages, including but not limited to, out of pocket damages, as well as non-economic damages in the form of aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry, and anxiety." (Compl. ¶ 39). Plaintiff's complaint, however, fails to allege or show how the purported deficient notice harmed or damaged Plaintiff. Plaintiff has also failed to show how the end result would have been any different if Plaintiff had received a statutorily sufficient notice of foreclosure. See Heritage Creek, 268 Ga. App. at 372, 601 S.E.2d at 845 (declining to void a foreclosure sale where the plaintiff had not shown it was harmed in any way by a deficiency in the foreclosure advertisement). For instance, Plaintiff has failed to allege

any facts to support that a statutorily sufficient notice would have allowed him to cure his default or successfully petition for a loan modification.

Plaintiff's summary allegations of causation do not plausibly show that the alleged improper notice or notices, as opposed to Plaintiff's failure to make loan payments, caused his alleged damages. Having failed to sufficiently plead the element of causation, Plaintiff's legal claim for wrongful foreclosure does not survive a motion to dismiss. See Hall v. HSBC Mortgage Servs., Inc., No. 1:13-cv-1964-WSD, 2014 WL 949997, at *4 (N.D. Ga. Mar. 11, 2014) ("Plaintiff is not entitled to an award of damages because he has not sufficiently alleged causation."); Rivas v. Green Tree Servicing, LLC, No. 1:12-CV-2866-RWS, 2013 WL 1213291, at *5 n.3 (N.D. Ga. Mar. 25, 2013) (plaintiffs "cannot show causation (i.e., that [the] defective notice caused their alleged damages) because they do not dispute that they were in default under the loan"); Freeman, 2013 WL 2637121, at *3-4 (dismissing wrongful foreclosure claim for failure to sufficiently plead causation where plaintiff was in default and his damages flowed from his own failure to make loan payments rather than the defendant's allegedly defective foreclosure notice).

**C.    Violation of the FDCPA (Count One)**

Moving on to Plaintiff's actual claims, Plaintiff alleges in Count One of his complaint that Nationstar violated various provisions of the Fair Debt Collection Practices Act ("FDCPA").  However, Plaintiff has failed to allege sufficient facts to show that Nationstar is a debt collector within the scope of the FDCPA and failed to state a plausible claim against Nationstar under the FDCPA.

The FDCPA prohibits "debt collectors" from engaging in unfair or unconscionable collection methods, conduct that harasses, oppresses or abuses any debtor, and the making of any false, deceptive, or misleading statements in connection with the collection of any debt, and the Act requires that debt collectors make certain written disclosures. 15 U.S.C. §§ 1692a, 1692d, 1692e, 1692f, 1692g.

To state a valid claim under the FDCPA, a plaintiff must sufficiently plead that: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.  Ware v. Bank of America Corp., 9 F. Supp. 3d 1329, 1336 (N.D. Ga. 2014) (citing Buckley v. Bayrock Mortg. Corp., No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (other citation omitted)).

Plaintiff alleges in his complaint that he is a "consumer" as that term is defined in the FDCPA because he is allegedly obligated to pay a debt to Nationstar or the Trustee. (Compl. ¶ 43). Plaintiff further alleges that Defendant Nationstar is a debt collector as that term is defined by the FDCPA because it regularly attempts to collect debts not owed to Nationstar, and "Defendants are attempting to collect from the Plaintiff a debt that is not owed to Nationstar and Nationstar are also debt collectors [sic] because the mortgage was assigned to the Trustee after the alleged date of default." (Compl. ¶ 45).

Plaintiff alleges that "Defendants'" actions in attempting to collect the debt at issue in this lawsuit violated Sections 1692(d), 1692(e), 1692(e)(2), 1692(f), and 1692(f)(1) of the FDCPA because the Defendants have no enforceable right or interest in the Property. (Compl. ¶ 46). However, it is well established that the FDCPA applies only to "debt collectors" and not to creditors or mortgage servicers. See Smith v. IndyMac Fed. Bank, F.S.B., No. 1:10-CV-1348-TWT-CCH, 2010 WL 5490728, at *6 (N.D. Ga. Sept. 28, 2010) (citing 15 U.S.C. § 1692a(6)). Therefore, in order to survive Defendants' motion to dismiss, Plaintiff must plead factual content that allows the Court to draw the reasonable inference that each of the Defendants is a "debt collector" under the FDCPA and is therefore liable for the misconduct alleged. See Davidson v. Capital

27

One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949).

Plaintiff has failed to state a plausible claim against any of the Defendants under the FDCPA.  The FDCPA defines "debt collector" to mean "[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

As noted above, "[u]nlike debt collectors, creditors typically are not subject to the FDCPA." Davidson, 797 F.3d at 1313 (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000)).  A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed." Id. (citing 15 U.S.C. § 1692a(4)).  However, "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another" is excluded from the definition of "creditor." Id.

Under the FDCPA, "the term 'debt collector' does not include ... any person collecting or attempting to collect any debt to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." See Anderson v.

Deutsche Bank Natl'l Trust Co., No. 1:11-cv-4091-TWT-ECS, 2012 WL 3756512, at *3-4 (N.D. Ga. Aug. 6, 2012) (citing 15 U.S.C. § 1692a(6)(F)).  In other words, a consumer's creditors or an assignee of a debt are not considered "debt collectors" so long as the debt was *not* in default at the time it was assigned.  Id. (citing 15 U.S.C. § 1692a(6)(F)(iii) (italics in original); LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *6 (N.D. Ga. Jan. 18, 2011)); see also Hennington v. Greenpoint Mortg. Funding, Inc., Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (holding that defendants "were not debt collectors because they were attempting to collect their own debt"); Ingram v. Green & Cooper, Attorneys L.L.P., No. 1:11-cv-03475-TWT-RGV, 2012 WL 1884598, at *3 (N.D. Ga. Apr. 20, 2012) (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).

Plaintiff alleges in his complaint that Nationstar is a debt collector under the FDCPA because Plaintiff's mortgage was assigned to the Trustee after the "alleged date of default" (which is not specified in the complaint).  (Compl. ¶ 46).  Thus, Plaintiff appears to be asserting that whether a mortgage servicer like Nationstar is or is not a debt collector under the FDCPA is determined by the default status of the debt at the time the debt was acquired.  The Eleventh Circuit, however, recently rejected this argument in

29

Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1315 (11th Cir. 2015). The Davidson Court explained that a loan servicer that acquires a debt already in default is properly excluded from the FDCPA's definition of "creditor." Id. at 1313-14 (citing 15 U.S.C. § 1692a(4)). But the Court made clear that even if a non-originating loan servicer acquires a defaulted loan, that does not mean it automatically satisfies the FDCPA's definition of "debt collector."  According to the Eleventh Circuit, "Section 1692a(6) clearly, plainly, and directly states that a person who is engaged in any business the principal purpose of which is debt collection or a person who regularly collects or attempts to collect debts owed or due another qualifies as a 'debt collector.'" Id. at 1315 (citing § 1692a(6)).  The Court held that the entity in question must still meet the requirements of the statutory definition of "debt collector" without regard to the default status of the underlying debt. Id. at 1314.  In other words, "applying the plain language of the statute, ... a person who does not otherwise meet the requirements of § 1692a(6) is not a 'debt collector' under the FDCPA, even where the consumer's debt was in default at the time the person acquired it." Id. at 1316.

Plaintiff's threadbare recitation of some of the elements of a claim under the FDCPA and "naked assertions devoid of further factual enhancement" are insufficient to state a plausible claim that Nationstar (or any of the other Defendants) are "debt

collectors" as defined in the FDCPA.  Plaintiff has failed to plead sufficient factual content from which the Court could infer that the principal purpose of Nationstar's business is debt collection, or that Nationstar regularly collects or attempts to collect debts owed or due to someone other than Nationstar.  According to Plaintiff's complaint, Plaintiff is a consumer as defined in the FDCPA because he was "allegedly obligated to pay a debt to Nationstar or the Trustee."  (Compl. ¶ 43).  This allegation is in direct conflict with his claim that Nationstar is trying to collect a debt owed to someone other than Nationstar.  To further confuse matters, Plaintiff has also alleged that neither Nationstar nor the Trustee are owed Plaintiff's consumer debt.

Even if Plaintiff had sufficiently alleged that Nationstar (or any of the other Defendants) is a debt collector as defined in the FDCPA, Plaintiff has failed to state a plausible FDCPA violation.  All of Plaintiff's FDCPA claims are based on his meritless contention that the Assignment was void, and therefore none of the Defendants has a right to enforce the Security Deed, Note, or Mortgage.  Plaintiff alleges that by authorizing Nationstar's foreclosure counsel to send the Notice of Foreclosure Sale, Nationstar falsely represented to Plaintiff that legal title had been validly transferred from the original lender to the Trustee.  (Compl. ¶ 47).  As discussed above, however, Plaintiff's claims based on a void assignment are without merit, as are his claims related

to the Notice of Foreclosure Sale. Plaintiff's FDCPA claims based on those arguments are without factual or legal basis, and similarly fail. Accordingly, I recommend that Defendants' motion to dismiss Plaintiff's claims under the FDCPA be granted.

## D.    Declaratory Judgment

In Count Two of his complaint, Plaintiff seeks a declaratory judgment that Natonstar's Notice of Foreclosure Sale did not comply with Georgia's foreclosure statute, O.C.G.A. § 44-14-162.2. (Compl. ¶¶ 52-53).

Declaratory relief is appropriate when it is necessary to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct." Henderson v. Alverson, 217 Ga. 541, 123 S.E.2d 721 (1962) (italics added); see also Sullivan v. Div. of Elections, 718 F.2d 363, 365 (11th Cir. 1983) (citation omitted) (stating that a "district court can grant declaratory relief only if there is 'a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.'"). A court may not "enjoin conduct which is neither threatened nor imminent." Sullivan, 718 F.2d at 365 (citing Congress of Racial Equality v. Douglas, 318 F.2d 95, 100 (5th Cir. 1963)).

Here, Plaintiff does not allege any future act or conduct about which he is uncertain. Plaintiff has not alleged that he was current with his loan obligations at the

time the foreclosure proceedings were initiated, nor has he denied that he was in default. All of Plaintiff's allegations pertain to whether the Notice of Foreclosure Sale met the requirements of Georgia's foreclosure statute, and whether Defendants' responses to Plaintiff's counsel's written requests were sufficient. The Notice of Foreclosure Sale was sent to Plaintiff back in March 2016, and defense counsel's response was dated April 14, 2016. It is now August 2016. A declaratory judgment therefore is unavailable because "all material rights have accrued based on past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of another party." See Milani v. OneWest Bank FSB, 491 F. App'x 977, 979 (11th Cir. 2012) (citing Logan Paving Co. v. Peoples Bank & Trust, 196 Ga. App. 42, 395 S.E.2d 287, 288 (1990)).

For the reasons stated, Plaintiff is not entitled to a declaratory judgment. I therefore recommend that Defendants' motion to dismiss Count Two of Plaintiff's complaint be granted.

**E.    Injunctive Relief**

In Counts Three and Four, Plaintiff seeks preliminary and permanent injunctive relief to enjoin Defendants from selling the Property. A claim for preliminary injunctive relief requires a showing of "a substantial likelihood of success on the merits of the underlying case," Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011), while a

permanent injunction requires actual success on the merits, <u>United States v. Endotec, Inc.</u>, 563 F.3d 1187, 1194 (11th Cir. 2009).

Plaintiff has failed to show that he is entitled to equitable relief. The FDCPA does not provide for equitable relief to an individual under the civil liability section of the Act. <u>Sibley v. Fulton DeKalb Collection Serv.</u>, 677 F.2d 830, 834 (11th Cir. 1982); <u>Jones v. Sonic Automotive, Inc.</u>, 391 F. Supp. 2d 1064, 1066 (M.D. Ala. 2005) (concluding that injunctive relief is not available under the FDCPA). Plaintiff has also failed to allege or show that he tendered or even offered to tender – prior to or after any foreclosure – the amount due on his Loan. "Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan." <u>Edward v. BAC Home Loans Servicing, L.P.</u>, 534 F. App'x 888, 892 (11th Cir. 2013) (citing <u>Taylor, Bean & Whitaker Mortg. Corp. v. Brown</u>, 276 Ga. 848, 583 S.E.2d 844, 846 (2003)). The tender requirement also applies to a debtor seeking to set aside a non-judicial foreclosure sale that has already taken place. <u>See</u> <u>Smith v. Citizens & S. Fin. Corp.</u>, 245 Ga. 850, 852, 268 S.E.2d 157, 159 (1980) (holding appellants were not entitled to set aside a sale under power when they had not tendered the indebtedness); <u>Hill v. Filsoof</u>, 274 Ga. App. 474, 475, 618 S.E.2d 12, 14 (2005)

("Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due."). This Court has held that, "[F]ailure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure or attempted wrongful foreclosure claims." Mayhew v. Branch Banking and Trust Co., No. 2:14-cv-00091-RWS, 2014 WL 6769343, at *8 (N.D. Ga. Dec. 1, 2014) (citation omitted).

Plaintiff has not demonstrated a substantial likelihood of success on the merits or an inadequate remedy at law as to his claims. District Judge Story has already denied Plaintiff's request for preliminary injunctive relief. Because Plaintiff has failed to state a viable claim for relief, and for the reasons stated above, Plaintiff's claim for permanent injunctive relief is also due to be dismissed.

## F.   Other Allegations

To the extent that Plaintiff's complaint contains other unsupported allegations not addressed above, Plaintiff's allegations fail to raise a right to relief above the speculative level and are also due to be dismissed. See Twombly, 550 U.S. at 555.

## IV.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' Rule 12(b)(6) motion to dismiss (Doc. 20) be **GRANTED** in its entirety.

As this is a Final Report and Recommendation, and there is nothing further in this action pending before the undersigned Magistrate Judge, the Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED**, this 24th day of August, 2016.

**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**